UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA B. CARR,<br><br>        Plaintiff,<br><br>   v.<br><br>U.S. BANK NATIONAL ASSOCIATION et al.,<br><br>        Defendants. | Case No.  16-cv-01690-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

Plaintiff Anita B. Carr, appearing *in pro se*, brought this suit in Alameda County Superior Court against defendant U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-NC1, Asset Backed Pass-Through Certificates, Series 2006 ("U.S. Bank"), and unnamed Doe defendants, asserting fourteen causes of action relating to her 2006 home loan and the subsequent foreclosure of her home in 2008.  U.S. Bank timely removed the action, and now moves to dismiss Carr's complaint.  U.S. Bank argues, among other things, that all of Carr's claims are time-barred.  Having considered U.S. Bank's briefing on the motion to dismiss, and Carr's brief in opposition (though it was untimely filed more than a week after it was due), the Court grants the motion to dismiss with prejudice.

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[A] district court may grant a 12(b)(6) motion to dismiss on statute of limitations grounds 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the

statute was tolled.'"  *Morales v. City of L.A.*, 214 F.3d 1151, 1153 (9th Cir. 2000) (quoting *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)).

The most recent of Carr's claims accrued, at latest, when the deed was recorded after the foreclosure sale on October 24, 2008.  The longest applicable statute of limitations in this case is four years.  Carr did not file this suit until February 29, 2016.  U.S. Bank therefore argues that Carr's claims are all long time-barred, and that, even accepting all of her factual allegations as true and drawing all reasonable inferences in her favor, the allegations in the complaint would not permit Carr to prove the statutes were tolled.

Carr's complaint conclusorily asserts that all of the applicable statutes of limitations were tolled by U.S. Bank's concealment of unidentified facts, which allegedly rendered Carr unable to discover its wrongdoing earlier.  It is true that under the "delayed discovery rule," which applies both to federal and to California causes of action, a statute of limitations does not begin to run until the plaintiff knows or reasonably should have known that she has been injured.  *See, e.g.*, *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940 (9th Cir. 2009) (quoting *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1266 (9th Cir. 1998)); *see also, e.g.*, *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 921 (Cal. 2005).  But "to rely on the discovery rule for delayed accrual of a cause of action, '[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.'"  *Fox*, 110 P.3d at 920-21 (quoting *McKelvey v. Boeing N. Am., Inc.*, 86 Cal. Rptr. 2d 645, 651 (Ct. App. 1999) (alteration original)).  Carr's bare invocation of the discovery rule, devoid of any facts supporting its application, is insufficient to survive a motion to dismiss.  *See id.*; *see also, e.g.*, *Perez v. Wells Fargo Bank, N.A.*, No. C-11-02279-JCS, 2011 WL 3809808, at *14 (N.D. Cal. Aug. 29, 2011).

Normally, Carr would be given leave to amend her complaint to allege facts supporting the applicability of the delayed discovery rule to her case.  *See, e.g.*, *Perez*, 2011 WL 3809808 at *22; *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (citing

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)

(per curiam)).  But Carr's complaint elsewhere indicates that she learned of the relevant facts that

form the basis of her claims long ago, in 2006 and 2008, or at latest, in early 2009.  Indeed,

Carr's complaint discloses that she sued U.S. Bank in Alameda County Superior Court in March

2009, asserting many virtually identical claims arising from her 2006 home loan and the 2008

foreclosure sale, including causes of action for fraud, quiet title, wrongful foreclosure, slander of

title, the federal Truth in Lending Act, California's Unfair Competition Law, California's

Rosenthal Fair Debt Collection Practices Act, and civil conspiracy in that earlier state court

action.[1]  It therefore is clear that leave to amend to invoke the discovery rule would be futile:

Carr cannot plausibly allege that she was unable to discover her claims earlier, given that she

both knew of and brought closely related and/or identical claims for relief arising out of the same

set of facts in 2009.  *See Cervantes*, 656 F.3d 1034, 1041 (9th Cir. 2011) (citing *Cook, Perkiss &*

*Liehe, Inc.*, 911 F.2d at 247).

Carr alternatively argues in her opposition that the statutes of limitation were tolled while

her prior state court action was pending, i.e. between March 2009 and April 2014.  It is true that

the filing of a lawsuit can toll the running of a statute of limitations.  But "if [a] suit is dismissed

without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is

wiped out and the statute of limitations is deemed to have continued running from whenever the

cause of action accrued, without interruption by that filing."  *Elmore v. Henderson*, 227 F.3d

1009, 1011 (7th Cir. 2000).  As Carr admits in her opposition and the state court record reflects,

Carr voluntarily dismissed her earlier lawsuit without prejudice in April 2014.[2]  Because "a suit

dismissed without prejudice is treated for statute of limitations purposes as if it had never been

filed," *id.*, Carr's claims were therefore  not tolled by her prior state court action.  *See also, e.g.*,

---

[1] The Court may take judicial notice of and consider on a Rule 12(b)(6) motion Carr's complaint
in the 2009 state court action, which is a matter of public record.  *See, e.g.*, *United States v.*
*Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003).
[2] The Court may also take judicial notice of and consider Carr's voluntary dismissal of the earlier
state court action.  *See, e.g.*, *Ritchie*, 342 F.3d at 909.

*Wood v. Elling Corp.*, 572 P.2d 755, 758 (Cal. 1977) (the same rule applies in California).

To the extent Carr argues in the alternative that she is entitled to equitable tolling, it is clear that she is not.  "Equitable tolling of the statute of limitations is a defense to all federal statutes of limitations, even those expressly contained within a given cause of action, unless tolling would be inconsistent with the legislative purpose."  *Ellis v. City of San Diego*, 176 F.3d 1183, 1189 n.3 (9th Cir. 1999) (citing *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 557 (1974)).  For a federal cause of action, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)).  And in California, "application of the doctrine of equitable tolling requires timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff."  *Addison v. State*, 578 P.2d 941, 943-44 (Cal. 1978); *see also Wood*, 572 P.2d at 758, 758 n.4; *Aguilera v. Heiman*, 95 Cal. Rptr. 3d 18, 25 (Ct. App. 2009).  In California, equitable tolling is generally available where the plaintiff in good faith files timely suit in the wrong forum, or where the plaintiff "has several legal remedies and, reasonably and in good faith, pursues one" and not the others, and where the other elements are also met.  *Addison*, 578 P.2d at 943 (quoting *Elkins v. Derby*, 525 P.2d 81, 84 (Cal. 1974).  It is not available in cases like this one, where the plaintiff timely filed her claims in state court, voluntarily dismissed them without prejudice years later, and years later still, attempts to reassert them in the same forum: "If a timely action dismissed without prejudice were, without more, to have the effect of tolling the statute of limitations during the pendency of that action, an indefinite extension of the statutory period through successive filings and dismissals might well result."  *Wood*, 572 P.2d at 758.

Carr's complaint contains no allegations that would support equitably tolling either her federal or her state law claims.  While Carr argues in her opposition that she had to dismiss her prior state court action voluntarily in April 2014 because of health problems that necessitated surgery on her hand and a lengthy recovery that summer, which prevented her from pursuing her

claims, the Court notes that the District of Delaware found (and the Third Circuit affirmed) that Carr's assertions of medical incapacity were undermined in part by her ability to file lengthy briefs in that forum in the same time period. *See In re New Century TRS Holdings Inc.*, 526 B.R. 562, 566 (D. Del. 2014); *see also In re New Century TRS Holdings, Inc.*, 619 F. App'x 46, 48 (3d Cir. 2015).[3]  Moreover, even assuming Carr had been completely disabled by her medical condition for significant periods of time between February 2014 and November 2014, as she asserted in the Delaware case, that would not excuse her failure to refile her claims in this case until February 29, 2016, more than fifteen months after her medical problems ceased being an alleged impediment to her diligent prosecution of her claims.

For the forgoing reasons, it is clear that amendment would be futile.  Carr's complaint is therefore dismissed with prejudice and without leave to amend. *Cervantes*, 656 F.3d at 1041 (citing *Cook, Perkiss & Liehe, Inc.*, 911 F.2d at 247).

**IT IS SO ORDERED.**

Dated: June 9, 2016

_____
VINCE CHHABRIA
United States District Judge

---

[3] As with the state court records, the Court may take judicial notice of and consider the content of these public records on this motion to dismiss. *See, e.g.*, *Ritchie*, 342 F.3d at 909.

5